Daniel J. Williams, Esq.
NJ Attorney ID #: 037012003
HARRELL, SMITH & WILLIAMS, LLC
767 CENTRAL AVENUE
WESTFIELD, NJ 07090
(908) 543-7037
ATTORNEYS FOR PLAINTIFF

| ALDANE LEWIS, Plaintiff(s) vs. MIKHAIL KARI; HL MOTOR GROUP, INC.; ABC Corps 1-10, (representing presently unknown business entities) and JOHN DOES 1-10 (representing presently unidentified individuals). Defendant(s) | SUPERIOR COURT OF NEW JERSEY LAW DIVISION-MIDDLESEX COUNTY DOCKET NO.: MID-L- *Civil Action* COMPLAINT, JURY DEMAND, DEMAND FOR ANSWERS TO INTERROGATORIES, SUPPLEMENTAL ANSWERS TO INTERROGATORIES AND NOTICE TO PRODUCE |
|---|---|

Plaintiff, ALDANE LEWIS, residing at 10 Marshall Street, Apt. 10, in the Township of Irvington, County of Middlesex and State of New Jersey, complaining of the defendants, say:

### FIRST COUNT

1. On or about November 6, 2019, the plaintiff, ALDANE LEWIS, was a driver in a motor vehicle lawfully and properly traveling in the right lane of eastbound Riverside Drive, near its intersection with Clearview Road, in the Township of Woodbridge, County of Middlesex and State of New Jersey.

2. At the time and place aforesaid, the defendant, HL MOTOR GROUP, INC., was the owner of a vehicle being operated by its agent, servant and/or employee, defendant, MIKHAIL KARI, which vehicle was traveling in the left lane of eastbound Riverside Drive, near its intersection with Clearview Road, in the Township of Woodbridge, County of Essex and State of

New Jersey.

3. At the time and place aforesaid, the defendant, MIKHAIL KARI, so negligently and carelessly operated his motor vehicle insomuch as it struck the driver's side of the vehicle in which plaintiff was operating, thereby causing the plaintiff, ALDANE LEWIS, to sustain serious personal injury.

4. At the time and place aforesaid HL MOTOR GROUP, INC., negligently and/or carelessly hired and trained their employees, including defendant MIKHAIL KARI, and negligently entrusted him with the vehicle he was operating at the time of the accident and as a direct result of said negligence, caused the collision at issue here in.

5. As a direct and proximate result of the aforesaid negligence of the defendants, HL MOTOR GROUP, INC. and MIKHAIL KARI, the plaintiff, ALDANE LEWIS, sustained serious personal injuries both temporary and permanent in nature, he suffered and will suffer past, present and future pain and suffering, he was and will be obliged to spend money on doctor bills, hospital bills, care and medicine in an effort to cure and alleviate his injuries, and he was and will be unable to pursue the usual course of his occupation and duties, he lost wages and will continue to lose wages in the future, his vehicle sustained substantial property damage and diminution in value all due to the negligence of the defendants.

WHEREFORE, the plaintiff, ALDANE LEWIS, demands judgment against the defendants, HL MOTOR GROUP, INC. and MIKHAIL KARI, jointly, severally and/or individually, for money damages plus cost of suit on the First Count.

## SECOND COUNT

1. Plaintiff repeats and realleges all paragraphs of the First Count as if fully set forth herein.

2. At the time and place aforesaid, and upon information and belief, the defendant, MIKHAIL KARI, was an agent and/or employee for the defendant HL MOTOR GROUP, INC., acting within the scope of his employment.

WHEREFORE, the plaintiff, ALDANE LEWIS, demands judgment against the defendants, HL MOTOR GROUP, INC. and MIKHAIL KARI, jointly, severally and/or individual, for money damages plus cost of suit under a theory of respondent superior.

### THIRD COUNT

1. Plaintiff, ALDANE LEWIS, repeats each and every allegation contained in the First and Second Counts and incorporates same as if fully set forth herein at length.

2. At the time and place aforesaid John Does 1-10 and ABC Corporations 1-10, negligently and carelessly owned, operated, maintained, controlled and/or inspected said motor vehicle and as a direct result of said negligence, caused or contributed the collision at issue herein.

3. As a direct and proximate result of the negligence of the defendants John Does 1-10 and ABC Corporations 1-10, the plaintiff, ALDANE LEWIS, sustained serious personal injuries which are both temporary and permanent in nature, he suffered and will suffer past, present and future pain and suffering, he was and will be obliged to spend money on doctor bills, hospital bills, care and medicine in an effort to cure and alleviate his injuries, and he was and will be unable to pursue the usual course of his activities and duties, he lost wages and will continue to lose wages in the future, the vehicle he was operating was caused to sustain substantial property damage, all to the injuries and losses caused by this accident.

4. WHEREFORE, the plaintiff, ALDANE LEWIS, demands judgement against the defendant John Does 1-10 and ABC Corporations 1-10 individually, jointly and severally plus

damages, interest and costs of suit.

## JURY DEMAND

Plaintiff hereby demands a Trial by Jury on Count One of this Complaint.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that the undersigned, Daniel J. William, Esq., is hereby designated trial counsel pursuant to R. 4:25-4.

## NOTICE TO PRODUCE

Pursuant to N.J. COURT RULE 4:18-1, the plaintiff hereby demands that the defendants produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendants are therefore required to continuously update its response thereto as new information or documentation comes into existence.

1. Declaration pages for any and all insurance coverage covering the defendants, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies.

2. Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

3. Copies or duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.

4. Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5. Copies of any and all discovery received from any other parties to the action in question.

6. Copies of any and all reports on the plaintiff received by the defendants, or any other party to this suit, from either the Central Index Bureau (C.I.B) or from any other source.

7. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition of the plaintiff in this matter; whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

8. Copies of any and all records of any type subpoenaed by the defendants or received from any other source concerning the plaintiff or the incident in question.

9. All transcripts, reports or prior testimony in the possession of the defendants, or his/her attorney, regarding any witness named by the plaintiff.

10. All transcripts, reports or prior testimony in the possession of the defendants, or his/her attorney, regarding any witness named by the defendants.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R.4:10-2(b), demand is hereby made that defendants disclose to plaintiff's attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide plaintiff's attorney with true copies of such insurance agreements or policies including, but not

limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess catastrophe and umbrella policies.

## DEMAND FOR ANSWER TO INTERROGATORIES

Demand is hereby made on the defendants to answer fully and responsively Form C and Form C (1) Uniform Interrogatories, found in Appendix II as provided by R. 4-17-1 (b)(ii) and other applicable Rules of Court. Demand is hereby made that Defendants answer the attached Supplemental Interrogatories as prescribed by the Rules of Court.

## SUPPLEMENTAL INTERROGATORIES

1. What is the carrier name and number of any cell phones in your vehicle at the time of the accident?

2. From the time when you first saw plaintiff's vehicle, please state every action you took to avoid the collision.

3. From the time when you first saw plaintiff's vehicle, until the time of the impact, describe in detail the course of the plaintiff's vehicle.

4. If this party does not accept full responsibility for the happening of the accident, please indicate what the driver of the plaintiff's vehicle did that contributed to the happening of this accident.

5. Please review the police report in this matter and advise if you find the accident description section and any diagrams contained in the report complete and accurate. If not, in what way is it inaccurate or incomplete?

6. What did you do during the time period after the impact until you left the scene of the accident?

7. Please detail all conversations you had or overheard being had by plaintiff and any other occupants of the plaintiff's vehicle.

8. If you made any physical observations of the plaintiff after the accident, please provide details as to what you observed plaintiff doing before either of you left the accident scene.

## CERTIFICATION

I, DANIEL J. WILLIAMS, of full age, hereby certifies as follows:

1. The matter in controversy is not the subject of any other action pending in court or of a pending arbitration; no other action or arbitration proceeding is contemplated at this time.

2. I know of no other party or person who should be joined in this action.

3. This Certification is made pursuant to Rule 4:5-1.

HARRELL, SMITH & WILLIAMS, LLC

Daniel J. Williams /s/

Dated: June 10, 2020      BY: DANIEL J. WILLIAMS, ESQ.

MID-L-003711-20   06/10/2020 9:24:20 AM  Pg 1 of 1 Trans ID: LCV20201028157

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-003711-20**

**Case Caption:** LEWIS ALDANE VS KARI MIKHAIL
**Case Initiation Date:** 06/10/2020
**Attorney Name:** DANIEL J WILLIAMS
**Firm Name:** HARRELL SMITH AND WILLIAMS, LLC
**Address:** 767 CENTRAL AVE
WESTFIELD NJ 07090
**Phone:** 9085437037
**Name of Party:** PLAINTIFF : Lewis, Aldane
**Name of Defendant's Primary Insurance Company (If known):** Sedgwick Insurance Company

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Aldane Lewis?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/10/2020                                                                                  /s/ DANIEL J WILLIAMS
Dated                                                                                                   Signed